BYE, Circuit Judge,
concurring.
The district court correctly concluded standing depends on the facts as they exist when a lawsuit is commenced. This Court concluded in the first appeal the plan participants lack standing because there was no loss to the plan when this action was filed in June 1996. See Harley v. Minn. Mining & Mfg. Co., 284 F.3d 901, 904, 906-08 (8th Cir.2002) (Harley I). Thus, I agree the district court did not abuse its discretion in denying the plan participants’ motion for relief under Federal Rule of Civil Procedure 60(b). Although I am bound by the Court’s conclusion the plan participants lacked standing when this lawsuit was commenced, I write separately to express again my disagreement with the standing analysis in the first appeal. See id. at 909-10 (Bye, J., concurring in part and dissenting in part).
Under the approach adopted in Harley I, a plan participant’s standing to bring suit under 29 U.S.C. § 1132(a)(2) on behalf of a defined benefit plan may depend on nothing more than how the stock market is performing. When the market is doing well — as it was in the late 1990s — a defined benefit plan is more likely to have a surplus, and thus a plan participant will lack standing to bring a lawsuit on behalf of the plan. When the market is performing poorly, plan participants are more likely to have standing to recoup a loss to a defined benefit plan because the plan is more likely to be underfunded.
I do not see the sense in tying a plan participant’s standing under § 1132(a) to the stock market’s performance. A defined plan’s ability to recover losses caused by a fiduciary’s breach should not depend upon the vagaries of the stock market. Under Harley I, plan fiduciaries are partially insulated from liability during times when the market is good. But in the long run — as this case demonstrates — the loss will still affect plan participants when the market is down. Thus, I still believe a suit by plan participants under § 1132(a)(2) should be recognized for what it is — an action by the plan itself, but brought by plan participants “in a representative capacity to remedy an injury to the Plan itself.” Harley I, 284 F.3d at 910 (Bye, J., dissenting). The question of standing for bringing such a suit should be tied to whether the plan had a loss, period, not *873 whether the plan participants arguably-suffered a loss at any particular snapshot in time, based on fluctuations in the stock market.